Good morning. May it please the Court, I am Morgan Smock. I am here on behalf of Appellant PACK Private Capital. This is a de novo review of a dismissal of a claim for declaratory relief in an unamended original complaint that the District Court dismissed with prejudice. There are two reasons, two main reasons why that dismissal was an error. First, the facts of the complaint, the original unamended complaint which the Court sua sponte dismissed, what was before it was a motion to dismiss a first amended complaint. But in that original complaint were allegations, factual allegations, which viewed in the light most favorable to the complainant, laid out a claim for declaratory relief that the conduct of the respondent, Associated Bank, created a defensive equitable estoppel against their position that a subordination agreement between these two creditors barred PACK Capital from receiving the necessary repayments from this debtor construction company, Silver Fox, on what were discreet temporary loans that the parties referred to as payroll float loans. The facts laid out are that in the complaint are that Silver Fox was a struggling company. It was a struggling company that was a struggling construction company. It had fixed monthly payroll. We know we've read the briefs. Well, this is a textbook case of equitable estoppel. We have a situation where a party is now insisting on enforcing its strict legal rights under a contract after a year of acquiescing in a practice that it was fully aware of as alleged in the complaint, that PACK would extend these temporary loans to Silver Fox, which Silver Fox would then repay in very short term as revenues became available so that Silver Fox could meet its payroll. These loans and repayments were regularly reported to Associated. Associated made no objection. To the contrary, the complaint alleges that Associated encouraged this because it was aiding its struggling debtor. It enabled Silver Fox to make its monthly payments to Associated. Indeed, the complaint alleges that there was an actual letter from Associated to PACK, I mean, yes, to PACK and to Silver Fox acknowledging that these loans were occurring and encouraging PACK to continue extending these temporary loans. So I'm struggling to recall the procedural posture below. You're saying that the factual allegations underlying this argument were made in the first complaint, the initial complaint. Is that right? And you may have to help me here, but then there was a motion or an attempt to file a second amendment, or I'm sorry, a first amendment complaint. Were these allegations in the first amendment complaint, the factual predicate that you just described? The factual predicate I just described was laid out in the original amendment complaint. Was it in the first? The first expanded on that to a large extent. The first added additional detail of specific conversations and meetings leading up to this August letter. Now, the argument that you're basing on those factual allegations, was that made below? It was. It was not featured. Well, when and where? When and where, because when I was looking at it, it seems to me like this is a new dramatic leap to a theory that was never really briefed or presented to the district judge. And the original claim was all about that there was an oral modification. And when the judge said, hold on, wait a minute, folks, there's a statute of frauds problem. Now, all of a sudden, it's up here on an equitable estoppel theory. And I'm going, I don't, where was that in the briefing and the argument that was presented to the district court? I'm sorry, Your Honor, but the waiver argument made by Respondent concerns the contractual rule. There's two issues here. One is, was that letter a written consent under the terms of the subordination agreement? Section 2 of the subordination agreement. The letter that's not in, actually in the record, right? The letter that's in the record. It was not before the district court? The letter itself is not in the record and was not, there was no requests from either side for judicial notice, to take judicial notice of the letter. However, both the original complaint and the First Amendment complaint describe the letter and quote it from it in  But a complaint's not evidence at all. Of course it's not. This is a Rule 12b-6. You look at the allegations. But there's two. There's the prior written consent issue under the contract, which the Respondent is arguing was not made below, that that argument was not sufficiently raised below. There's also the equitable estoppel argument. The equitable, there were four pages of argument on equitable estoppel in the opposition brief that PAC filed on the motion to dismiss. The complaint contains several paragraphs of allegations about equitable estoppel. And so that, the only argument they made that equitable estoppel was waived is that we did not specify that the heading of the complaint, that the draftsman of the complaint Well, but what was the argument below? I mean, if I remember, the district court dismissed because of the statute of frauds, right? Correct. That the writing was necessary even in the, for the equitable estoppel claims, right? The district court dismissed on the basis that every statement in the complaint was equitable because there is this allegation of this letter. Well, is the allegation okay? But was that argued to the district court that, hey, you need to look at this letter because this takes it out of the statute of frauds? And maybe your argument is that it didn't need to be that specific. The statute of frauds doesn't apply to an equitable estoppel claim. They've not contested that. The law is clear that equitable estoppel does not bar, does not, is not barred by that statute for the credit agreement statute of frauds. Again, there's two independent arguments here. One is simply the longstanding ancient doctrine of equitable estoppel. The second argument, which they're arguing was not raised below, is the contractual argument that that letter also was not only part of conduct that created an estoppel, but was also an express written consent under the contract. They're completely separate issues. I didn't follow that. Okay. Say that again and explain it. Okay. The complaint sought a declaration that the subordination agreement is not, in the PAC, to subordinate these payable loan repayments. There were two reasons for that. Are you interpreting the agreement or adding some kind of a defense to it? Both. But again, they're separate. One is equitable estoppel is . . . No, they're separate. I thought this appeal was about how you interpret the agreement. Oh, no. This appeal is about equitable estoppel the district court didn't even consider. The district court absolutely considered equitable estoppel. I didn't see it in the opinion. All right. I didn't . . . At page . . . I'm sorry. I will grab the addendum here. At addendum 20, PAC's equitable estoppel claim also involves associated alleged oral representations. Now you're looking down and . . . I'm sorry. . . . can't hear a word. At addendum 20, the district court decides the equitable estoppel claim. And the court relies there on the statute of frauds, right, and quotes the Sovis claim, or the case. And my question is, was the letter, which is not in the record, argued to the district court in opposition to this? Or are you suggesting the district court just missed it? The district court missed it. For example, this passage here on addendum page 20, he first says . . . The court first said, equitable estoppel is not always barred by the statute. That is correct. Respondent has not contested that. However, the district court then said, well, this is really a claim for promissory estoppel. Because in the district court's recollection, apparently, there were only oral statements in the complaint. There's no mention of this letter, which was an express affirmative consent. Not a promise to do something in the future, but an affirmative consent with independent legal effect. The district court also did not address the pattern of acquiescence. Well, it is certainly true that promissory . . . defense of promissory estoppel is barred by the credit agreement statute. No argument there. But this is not a case of promissory estoppel. There were allegations, and they primarily concerned a separate issue not here. There was a guarantee agreement. And much of the litigation concerned the enforceability of that guarantee agreement. And there were oral promises involved there. But that's neither here nor there when we get to the subordination payroll float issue. On that issue, there were not just . . . the equitable estoppel claim is not based on oral promises. It's founded on a pattern of acquiescence, which is well recognized under the law of equitable estoppel. For example, the Kostakis case, where . . . just a classic case, where a lessee watched while his subtenant converted the property. Was that case cited to the district court? That case was not, but again, there's four pages in the opposition brief on the motion arguing equitable estoppel with general principles. And the way . . . they have not argued that we didn't raise the estoppel argument below. If the Court permits, I would reserve my time for rebuttal. Mr. Flaherty? May it please the Court, Scott Flaherty for Appley Associated Bank. The argument that the panel just heard was waived below because it was not presented to the district court. And the panel can confirm that for itself by reviewing the addendum. Regarding the declaratory judgment claim, I would ask the panel refer to . . . excuse me, I said addendum . . . appendix page 131. So that is the entirety of PAC's opposition on the declaratory judgment count. And when the panel reviews those pages, they're going to see no mention of consent nor any argument that consent was valid under subdivision 2, or excuse me, paragraph 2 of the subordination agreement. That argument wasn't presented to the district court, which is why none of us see it in the district court's order. The panel can engage in the same analysis with respect to estoppel. PAC's estoppel argument is found at appendix page 137. And it continues on through appendix page 140. And likewise there, although there is a discussion of estoppel, there is not a discussion as the letter being consent or a basis for the estoppel. So . . . How about a pattern of conduct? Your friend on the other side suggested that there was more than just the letter that was relevant. It was the pattern of conduct and acquiescence. Sure. Two responses. One on the pleadings, kind of one legal. The response on the pleadings is that the district court correctly viewed the statute of frauds applicable here as barring any oral representations as part of that pattern from being considered. So under the statute, that's verboten. And secondly, I have to disagree with a legal proposition I heard my friend across the aisle say. I understood PAC's counsel to be arguing that equitable estoppel is not barred by the statute. It plainly is. There's a case from the Minnesota Court of Appeals from 2020 titled Schumacher v. KMLE, Inc. The citation is 2020 Westlaw 54560. And at pin site 6 on that case from the Minnesota Court of Appeals, they apply Figgins and . . . If you haven't, would you submit a 28-J? Yes, Your Honor. I'd be happy to. And it is, it confirms the reading of Figgins from the Minnesota Supreme Court that is block quoted in our red brief. And so, again, on the one hand, I want to be candidate. Of course, it is an unpublished decision. But one thing that means is that the Court of Appeals didn't believe it was extending the law. It thought that the law was through the statute, bars equitable estoppel for the same reason that it bars promissory estoppel here. And I also heard a member of the panel acknowledge that the critical letter here is not in the  And this goes to kind of an independent basis for affirming the district court that crosses all of the issues in the appeal, which were the repeated errors by PAC here. They didn't put that letter into the record. They didn't seek leave to file the first amended complaint when they ought to have. And even after this defect was pointed out to PAC in Associated's opposition to their motion to remand, they still continued on with the motion to dismiss briefing, where at that point, they were on notice from Associated that the first amended complaint wasn't operative. And I presently understand their appeal to not challenge the district court's refusal to use the first amended complaint. I think they implicitly acknowledge that that was their error and they can't fault the district court for it. Underscoring the presence of waiver or forfeiture here, depending on the label we attached, we see in the appeal briefs the first-time competing interpretations of the subordination agreement. And if this argument had been raised below, those competing interpretations would have been presented to Judge Frank. We would see in the district court, Judge Frank would say, Associated reads the subordination agreement this way, they focus on the first sentence, and PAC focuses on the second sentence, and here is how I'm going to resolve those two things. That doesn't appear in the briefing below. That doesn't appear in Judge Frank's order. And that shouldn't be decided here on the first time. Even though contracts are reviewed de novo, of course, de novo review is still review of something.  Are you now referring to the alleged pattern or?  I've shifted away from the pattern. You're on to the meeting of paragraph 2 of the subordination agreement. So the first sentence, there are competing arguments in the briefs. We point out that the first sentence of paragraph 2 forbids a creditor from receiving payments from the debtor without reference to consent. The second sentence references consent, and so presently PAC is arguing consent was effective under the second sentence. The point I'm making with regard to that language is this argument was not presented to the district court at all. So this Court has no. You're talking too fast. I'm so sorry. I couldn't. I'm looking at paragraph 2, and you're. Now you say there are two things in there, and say it again. On appeal, the parties have two competing interpretations of paragraph 2. In the district court, there were none, because this argument was not presented to the district court. So what I'm emphasizing here is waiver. And although, of course, the Court could resolve these competing interpretations of paragraph 2, it shouldn't, because the. I don't know what competing interpretations you're talking about. Under the first sentence of paragraph 2, consent is not a basis for receipt of funds. You will see the language on consent in the second sentence of paragraph 2. So presently on appeal, PAC is arguing that that second sentence reference to consent is effective. Associated's argument on appeal is that the absence of consent from the first sentence is what matters. The reason I'm raising this is I'm not only raising this because Associated's reading is more plausible and consistent with Minnesota law. The chief reason I'm raising this is this contractual analysis does not appear in the district court's order at all. And it would have if PAC had raised the argument below they're raising now. But Your Honors see this argument for the first time on appeal because it was never presented to Judge Frank. And that's critical to the waiver analysis. So Associated can prevail here in two different ways, essentially. The court can recognize that these competing interpretations were never presented to Judge Frank and, therefore, PAC has waived or forfeited them. Or the court could say, yes, there is no consent in the first sentence and, therefore, Associated's reading is correct. But the simpler basis for resolving this is to say, like so many other errors in this mistake, PAC waived the argument that it discovered after it filed its notice of appeal. And that's principally the content of my argument. I have eight minutes remaining. I'm happy to return it to the panel or answer questions as the panel likes. The complaint that my notes from what the plaintiff is arguing is that the complaint, and that's the original complaint, he referred to that, alleges facts supporting an inference that the defendant gave consent. Now, where is this first versus second sentence? The document from which it comes is at appendix page 102. And that is the subordination agreement. It was filed in the district court. I know that. I read that. Where are they saying that their claim is all based on their interpretation, which relies on the second sentence? I don't see that. I didn't get that when I read the brief. In their reply brief on pages 13 through 16 inclusive, they attack our reading as unpersuasive as to the subordination agreement. But, again, the most important takeaway, in my view, for the panel is that this argument also was not presented below. So for the first time on appeal, we have competing interpretations of what this contract means. And in the ordinary course, it would be a district court that makes that determination. This court would review it. That's what waiver looks like. Well, you're arguing, for the first time, that they didn't preserve something argued in the reply brief. If I can be a little more precise. Well, I just don't like this tactically. This is a not an appellate court can't deal with that sort of stuff. You could ask for permission to file a serve reply if you thought there was this kind of failure to preserve flaw in their reply brief. Frankly, a reply brief of that length, I seldom read. Well, I want to be clear about what our argument is. We raised the failure to preserve in our red brief before they filed the reply. Yeah, I got that. And the first sentence seems to support it. Okay. And the second sentence talks about a situation that this wasn't. Correct. Okay. But none of this was ever presented to Judge Frank. Exactly. Judge Frank correctly ruled on the arguments that PAC presented to him. Was there a motion to reconsider? There was not. Unless there are any other questions, I'll sit down and ask the panel to affirm Judge Frank in the entirety. Thank you, Your Honor. I have two main responses to what was just said. First, counsel just cited an unpublished decision that was not in their brief to the effect that the Minnesota credit agreement statute, the statute of frauds, bars the defense of equitable estoppel. Obviously, I can't reply to that case. All I can say is, as was – Certainly. Yes, sir. Counsel just said that there's an unpublished case not cited in their brief holding that the statute of frauds bars the defense of equitable estoppel. All I can say is that this Court itself, in its Bracewell opinion, recognized that under Minnesota law that's not true. The district court itself stated that equitable estoppel is not barred. That's why it recharacterized it as a promissory estoppel – incorrectly as a promissory estoppel claim. And the case law on that is cited in our brief. On the issue of waiver, and this waiver issue only applies to the completely separate argument, which is not an equitable argument, it's a contractual argument, that that August 11th letter affected a written consent under Section 2 of the subordination agreement. They argue that was not raised. As detailed in our reply brief, our opposition brief below expressly asserted at one point, it devoted a few sentences to this, that that letter was a consent. Secondly, it was expressly asserted in the first amended complaint that was before the court. This was an unusual procedural posture because we brought an original amended complaint, they brought a motion to dismiss, former counsel then withdrew the original, and what was before the district court was the first amended complaint. That complaint directly alleged it. Finally, it was expressly referenced, that provision was expressly referenced in the district court's own opinion. The district court itself said, well, if there is written consent, then there's an issue. It then went on to say there's only oral statements alleged here. It's simply an oversight by the district court. And that was finally, as... But the district court didn't have the letter. It had... Your Honor, after 30 years of practice, I've never seen a case saying that on a 12b-6 motion, you must attach every document referenced in the complaint to the complaint. The complaint alleges in detail what the letter is. It quotes from it. This is a 12b-6. The court says... You move to reconsider. The court says all there are are oral allegations here. You took... Your basic position was that he was misreading the statute of frauds or misapplying it to a case where it didn't apply. And he says, well, it applies, and all I see are oral statements. And there's nothing in the... And your letter isn't in the record, and you don't go back in with the letter and move to reconsider and say, Judge, that was wrong, and it's important. We did not, but I do not believe that is a ground for... That's not a predicate to bringing an appeal. Thank you, Your Honor.